[No. 20518. Department One. July 12, 1927.]

J. E. WALKER, *Appellant,* v. BOLCOM CANAL LUMBER COMPANY, *Respondent.*[1]

[1] PRINCIPAL AND AGENT (34, 35)—RIGHTS AS TO THIRD PERSONS— IMPLIED AUTHORITY OF AGENT—SALES OF PERSONALTY—COLLECTION OF PRICE. Where plaintiff authorized a broker to sell and collect the purchase price of a raft of logs as plaintiff's agent, the defendant, purchasing the logs of the agent and paying the agent the price, is not liable to plaintiff for their value, although the agent failed to account to plaintiff.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 29, 1926, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Vance & Christensen* and *Harry L. Parr,* for appellant.

*T. M. Royce* and *Poe, Falknor, Falknor & Emory,* for respondent.

MAIN, J.—This action was brought to recover the value of a raft of logs claimed to have been converted by the defendant. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law denying a recovery. From the judgment entered dismissing the action, the plaintiff appeals.

[1] Reported in 257 Pac. 840.

The appellant resides in Thurston county and is engaged in the logging business. The respondent is a corporation and operates a sawmill in the city of Seattle. C. O. Hosner was engaged in the buying and selling of logs as a broker with offices in Seattle. On February 5, 1925, Hosner sold to the respondent a raft of logs owned by the appellant, which was then in the water at or near Olympia in Thurston county. Hosner caused the logs to be towed to the respondent's mill. The purchase price of the logs was paid to Hosner. The appellant not being able to collect from Hosner, he having gone into bankruptcy, brought this action against the respondent, claiming that the logs had been converted.

[1] The controlling question is whether Hosner was the agent of the appellant with power to sell and receive the purchase money, and this question upon the record in this case is one of fact. The trial court found,

". . . that the timber mentioned and described in plaintiff's complaint was, on the 5th day of February, 1925, by the plaintiff placed with one C. O. Hosner of Seattle, Washington, as the plaintiff's agent and broker for sale under an agreement whereby said C. O. Hosner was to receive from the plaintiff two per cent commission for the sale thereof, and was to receive from the purchaser and to remit to the plaintiff the purchase price less said commission; that in pursuance thereof said C. O. Hosner as plaintiff's agent and broker sold and delivered said timber to the defendant at Seattle, Washington, and the defendant paid to the said C. O. Hosner the full purchase price thereof to-wit: $6,622.68 . . ."

While the appellant categorically denied that Hosner was his agent to the extent of being authorized to receive the purchase price, the evidence, when it is all considered, convincingly sustains the finding of the trial court. If Hosner was the agent of the appellant

with power to sell and receive the purchase price, as the trial court found and as we also find, this is determinative of the controversy. It is clear that, if Hosner was authorized to receive the purchase price, the appellant cannot maintain an action against the respondent for the value of the logs, even though he may not be able to collect from Hosner.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.